Prather v. Eden.

No. 21,120.

CHARLES H. PRATHER et al., *Appellees*, v. JOHN EDEN, *Appellee*, and JOHN A. WYER, *Appellant*.

SYLLABUS BY THE COURT.

1. AGENCY—*Commissions—Fraud—Separate Trials.* The court properly exercised its discretion in refusing separate trials of the issues.

2. SAME—*Fraud—Burden of Proof.* The burden of proving fraud was properly placed on the party alleging it.

3. SAME—*Instructions—New Trial.* There was no error respecting instructions or in refusing a new trial.

Appeal from Kingman district court; GEORGE L. HAY, judge. Opinion filed March 9, 1918. Affirmed.

*John H. Connaughton,* and *H. E. Walter,* both of Kingman, for the appellant.

*S. S. Alexander,* of Kingman, for the appellee, John Eden.

The opinion of the court was delivered by

WEST, J.: The plaintiffs sued the defendants to recover a real-estate commission of $500 for finding a purchaser for the defendant Eden, of a farm at $9,000, such purchaser being the defendant Wyer. It was alleged that as a result of the plaintiffs' efforts Eden contracted with Wyer for the purchase of the land at $9,000; that afterwards, Wyer, learning that the plaintiffs were to receive $500 commission, for the purpose of cheating them fraudulently stated to Eden that if he would accept $8,500, instead of $9,000, as provided by the contract, Wyer would stand good for any loss to Eden, Wyer claiming that he had been defrauded by the plaintiffs. The plaintiffs dismissed as to Wyer. Eden answered that the $500 would not be due until paid by Wyer, and denied any conspiracy. He also filed a cross-petition against Wyer for the $500.

Wyer complains that the court refused a separate trial of the issues between the plaintiffs and Eden and of those between Eden and himself, that the burden of proof was placed on him, and of certain instructions given and refused, and the denial of a new trial.

As to the matter of separate trials, the court exercised, and we cannot see that it abused, its discretion.

The question of misjoiner could, under the code, be raised only by demurrer or answer. (Civ. Code, § 95, Gen. Stat. 1915, § 6986.)

Wyer was the only party alleging fraud, and the court did not err in putting the burden on him to prove it. We have examined the instructions given and refused and find no error in respect thereto.

The evidence justified the verdict, a new trial was properly refused, and the judgment is affirmed.